UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

KIRK V. HUGHES

    Plaintiff,

vs.

CARNIVAL CORP., d/b/a
CARNIVAL CRUISE LINES, INC.

    Defendant.

_____/

## COMPLAINT

**COME NOW**, the Plaintiff, **KIRK V. HUGHES**, by and through undersigned counsel, and sues the Defendant, CARNIVAL CORP., d/b/a CARNIVAL CRUISE LINES, INC., and further state as follows:

### GENERAL ALLEGATIONS

1. This is a cause of action which is brought in the District Court for the Southern District, Florida pursuant to 28 U.S.C. 1333 and the forum selection clause of Plaintiff's passenger cruise ticket with Defendant, Section 22. The cause of action is in excess of $75,000.00. There is complete diversity of citizenship. Plaintiff is a citizen and resident of the state of Illinois. This is a maritime cause of action.

2. Plaintiff has complied with all conditions precedent to bringing this action or said conditions do not apply.

3. Defendant CARNIVAL CORP., d/b/a CARNIVAL CRUISE LINES, INC., is, upon information and belief, a foreign and/or Panamanian corporation, which is licensed to do business in Florida as a cruise line. Defendant's base of operations and principle place of business is in Miami, Dade County, Florida.

## COUNT ONE-NEGLIGENCE

4. Plaintiff re-avers and re-alleges paragraphs One through Three as if set forth herein.

5. On or about August 2, 2011, Plaintiff was a fare-paying passenger on Defendant's vessel CARNIVAL DREAM. Defendant owned and/or operated the CARNIVAL DREAM on the aforesaid date.

6. At all times material Defendant owed Plaintiff a duty of reasonable care in the circumstances aboard its vessel.

7. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

    a. Failing to properly maintain the vessel a safe condition by failing to maintain the Caliente Disco Lounge in a reasonably safe condition, and/or;

    b. Failing to properly enforce its own policies and procedures regarding passengers taking drinks and glasses onto the dance floor of the Caliente Disco Lounge, and/or;

    c. Failing to supervise employees in the Caliente Disco Lounge, and/or;

    d. Failing to train security personnel and/or bartenders and/or wait staff to respond promptly and effectively to a spilled drink and broken glass on the floor of the Caliente Disco Lounge, and/or;

    e. Failing to warn Plaintiff of the existence of a spilled drink and broken glass on the floor in the Caliente Disco Lounge, and/or;

    f. Failing to have adequate lighting in the Caliente Disco Lounge, so that passengers could see debris on the floor, and/or;

    g. Failing to take proper precautions for passenger safety in the Caliente Disco Lounge, and/or;

     h.     Allowed broken glass and a spilled drinks to remain on the floor of the Caliente Disco Lounge for an unreasonable period of time, and/or;

     j.     Failing to keep the floor in the Caliente Disco Lounge in a clean and dry condition, free of debris like broken glass and liquid from a spilled drink, and/or;

8. As a result of the foregoing, the Plaintiff was seriously injured when he slipped and fell on broken glass and a spilled drink after an employee had actual notice of the spilled drink and broken glass in the Caliente Disco Lounge.

9. At all times material, the Defendant either created the dangerous conditions of which Plaintiff complains and/or the dangerous conditions existed for a sufficient period of time that Defendant had constructive knowledge of the dangerous conditions and/or Defendant had actual knowledge of the dangerous conditions hereinbefore alleged in paragraph seven to have caused or contributed to causing Plaintiff's injuries.

10. At all times, Plaintiff acted with due care for his own safety.

11. At all times material hereto, Defendant was in direct control of the vessel where Plaintiff was injured.

12. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about his body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap, scarring and disfigurement, embarrassment, mental anguish and emotional distress and a loss of the ability to enjoy life; suffered a loss of earnings and loss of earning capacity, suffered an aggravation of pre-existing conditions, suffered a loss of enjoyment of the cruise.  Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages and costs and pre-judgment interest.  Jury trial is demanded.

DATED this 24th Day of January, 2012.

        HOFFMAN LAW FIRM
        2888 East Oakland Park Boulevard
        Fort Lauderdale, FL 33306
        Telephone:  (954) 563-8111
        Fax:   (954) 563-8171

By:   *//s// Paul M. Hoffman*
      PAUL M. HOFFMAN
      Florida Bar No:   0279897